UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan M. Pearson, | Case No. 24-cv-01495-JWB-DTS |
| Plaintiff, | |
| v. | **ANSWER TO PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT AND AFFIRMATIVE DEFENSES** |
| MidWestOne Bank, | |
| Defendant. | |

Defendant MidWestOne Bank ("MidWestOne"), by and through its undersigned counsel, submits the following Answer to Plaintiff's Complaint. MidWestOne denies each and every allegation in the Complaint except as hereinafter specifically admitted.

## PRELIMINARY STATEMENT[1]

1. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis, denies the allegations contained therein.

2. In response to paragraph 2, MidWestOne denies the electronic fund transfers were unauthorized. MidWestOne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations in paragraph 2, and on that basis, denies the remaining allegations.

3. Paragraph 3 contains legal conclusions, and therefore no response is required.

---

[1] Headings used in the Answer are for convenience of reference to the Complaint only.

DMFIRM #414514642 v3

4. Paragraph 4 contains legal conclusions, and therefore no response is required.

5. Paragraph 5 contains legal conclusions, and therefore no response is required.

6. Paragraph 6 contains legal conclusions, and therefore no response is required.

7. Paragraph 7 contains legal conclusions, and therefore no response is required.

8. Paragraph 8 contains legal conclusions, and therefore no response is required.

9. MidWestOne denies the allegations contained in paragraph 9.

10. MidWestOne denies the allegations contained in paragraph 10.

## PARTIES

11. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis, denies the allegations contained therein.

12. MidWestOne denies paragraph 12 as written and affirmatively alleges it is an Iowa banking corporation with its principal place of business in Iowa. Accordingly, MidWestOne is a citizen of Iowa for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

## FACTUAL ALLEGATIONS

13. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis, denies the allegations contained therein.

14. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis, denies the allegations contained therein.

15. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis, denies the allegations contained therein.

16. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis, denies the allegations contained therein.

17. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and on that basis, denies the allegations contained therein.

18. MidWestOne admits that Plaintiff's checking account balance as of December 18, 2023, exceeded $18,000. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and on that basis, denies the allegations contained therein.

19. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis, denies the allegations contained therein.

20. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and on that basis, denies the allegations contained therein.

21. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis, denies the allegations contained therein.

22. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis, denies the allegations contained therein.

23. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis, denies the allegations contained therein.

24. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis, denies the allegations contained therein.

25. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis, denies the allegations contained therein.

26. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis, denies the allegations contained therein.

27. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis, denies the allegations contained therein.

28. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis, denies the allegations contained therein.

29. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and on that basis, denies the allegations contained therein.

30. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis, denies the allegations contained therein.

31. MidWestOne denies the allegations contained in paragraph 31 as they relate to her checking account at MidWestOne and affirmatively alleges that it has no record of any prior fraudulent attempt to access Plaintiff's MidWestOne account ending in 3140. MidWestOne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations in paragraph 31 with respect to other checking accounts, and on that basis, denies the allegations contained therein.

32. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis, denies the allegations contained therein.

33. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and on that basis, denies the allegations contained therein.

34. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and on that basis, denies the allegations contained therein.

35. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis, denies the allegations contained therein.

36. MidWestOne admits that debit card transactions to Original Technology Limited from Plaintiff's MidWestOne checking account in the amounts of $2,239.92 and $2,463.93 were processed on December 18, 2023, and denies the remaining allegations of paragraph 36.

37. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis, denies the allegations contained therein.

38. MidWestOne denies the allegations contained in paragraph 38.

39. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and on that basis, denies the allegations contained therein.

40. MidWestOne denies the allegations contained in paragraph 40.

41. In response to paragraph 41, MidWestOne denies the transfers to Original Technology Limited were unauthorized. MidWestOne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining allegations in paragraph 41, and on that basis, denies the allegations contained therein.

42. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and on that basis, denies the allegations contained therein.

43. MidWestOne denies the allegations contained in paragraph 43.

44. In response to paragraph 44, MidWestOne admits Plaintiff contacted MidWestOne regarding the described transfers and admits that Plaintiff asserted the transfers were unauthorized. MidWestOne denies any remaining allegations contained in paragraph 44.

45. MidWestOne denies the allegations contained in paragraph 45.

46. MidWestOne denies the allegations contained in paragraph 46 as written and affirmatively alleges it suggested that Plaintiff should file a police report regarding any alleged crime she may have witnessed or experienced.

47. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, specifically as to the meaning of the term "suspended," and therefore denies paragraph 47.

48. MidWestOne denies the allegations contained in paragraph 48.

49. In response to paragraph 49, MidWestOne denies it instructed Plaintiff to pay to have her phone and computer scanned. MidWestOne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and on that basis, denies the allegations contained therein.

50. In response to paragraph 50, MidWestOne denies it instructed Plaintiff to file a police report, and admits that Plaintiff appears to have filed a police report, a document the contents of which speak for themselves.

51. In response to paragraph 51, MidWestOne admits that Plaintiff's online access was blocked once Plaintiff reported that an alleged fraudulent transfer had taken place. MidWestOne affirmatively alleges that Plaintiff had been informed of the transaction amounts through previous interactions with MidWestOne employees and could have accessed the specific dollar amounts by calling or visiting a MidWestOne location in the days leading up to the police report. MidWestOne denies any remaining allegations of paragraph 51.

52. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and on that basis, denies the allegations contained therein.

53. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and on that basis, denies the allegations contained therein.

54. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and on that basis, denies the allegations contained therein.

55. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, specifically as to the meaning of the term "indeed quite close to," and therefore denies paragraph 55.

56. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and on that basis, denies the allegations contained therein.

57. As to paragraph 57, the police report speaks for itself, and as such, no response is required in regard to its content. MidWestOne denies any remaining allegations in paragraph 57.

58. Paragraph 58 contains legal conclusions, and therefore no response is required. MidWestOne denies any remaining allegations in paragraph 58.

59. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and on that basis, denies the allegations contained therein.

60. As to paragraph 60, the police incident report speaks for itself, and as such, no response is required in regard to its content. MidWestOne denies any remaining allegations in paragraph 60.

61. As to paragraph 61, the police incident report speaks for itself, and as such, no response is required in regard to its content. MidWestOne denies any remaining allegations in paragraph 61.

62. MidWestOne admits the allegations contained paragraph 62.

63. MidWestOne denies the allegations contained in paragraph 63 as written and affirmatively asserts that Plaintiff contacted MidWestOne regarding the transfers described in the Complaint, which contact may have mentioned additional information from law enforcement.

64. MidWestOne denies the allegations contained in paragraph 64 as written and affirmatively asserts that it did not request nor did it receive any additional information from police.

65. MidWestOne admits the allegations contained in paragraph 65.

66. MidWestOne admits the allegations contained in paragraph 66.

67. MidWestOne denies the allegations contained in paragraph 67 as written and affirmatively asserts that its representative contacted Plaintiff on or about December 27, 2023, to inform her that the transfers she had disputed were found to have been authorized at the time they were made.

68. MidWestOne denies the allegations contained in paragraph 68.

69. MidWestOne denies the allegations contained in paragraph 69.

70. MidWestOne denies the allegations contained in paragraph 70.

71. As to paragraph 71, MidWestOne admits sending a letter to Plaintiff dated December 22, 2023, the contents of which speak for themselves. MidWestOne denies any allegations inconsistent with the letter itself. MidWestOne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71, and on that basis, denies those allegations.

72. As to paragraph 72, MidWestOne admits sending a letter to Plaintiff dated December 22, 2023, the contents of which speak for themselves. MidWestOne denies any allegations inconsistent with the letter itself.

73. MidWestOne denies the allegations contained in paragraph 73.

74. MidWestOne admits the allegations contained in paragraph 74.

75. MidWestOne admits the allegations contained in paragraph 75.

76. MidWestOne denies the allegations contained in paragraph 76.

77. MidWestOne denies the allegations contained in paragraph 77.

78. MidWestOne denies the allegations contained in paragraph 78.

79. MidWestOne denies paragraph 79 as written and affirmatively alleges that it received an email request for documents related to its determination that the transfers described were not unauthorized.

80. MidWestOne denies the allegations contained in paragraph 80.

81. MidWestOne denies the allegations contained in paragraph 81.

82. MidWestOne denies the allegations contained in paragraph 82.

83. MidWestOne denies the allegations contained in paragraph 83.

84. MidWestOne denies the allegations contained in paragraph 84 as written and affirmatively alleges that it has received a copy of the police report described in the Complaint.

85. MidWestOne denies the allegations contained in paragraph 85 as written and affirmatively alleges that it has not credited any funds to Plaintiff's account related to the transfers described in the Complaint.

86. MidWestOne denies the allegations contained in paragraph 86 as written and affirmatively alleges that it has not credited any funds to Plaintiff's account related to the transfers described in the Complaint.

87. MidWestOne denies the allegations contained in paragraph 87.

88. In response to paragraph 88, MidWestOne has insufficient knowledge concerning Plaintiff's emotional distress and on that basis, denies the allegations contained therein. Paragraph 88 otherwise contains legal conclusions, and therefore no response is required.

89. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and on that basis, denies the allegations contained therein.

90. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and on that basis, denies the allegations contained therein.

91. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and on that basis, denies the allegations contained therein.

92. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and on that basis, denies the allegations contained therein.

93. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and on that basis, denies the allegations contained therein.

94. MidWestOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and on that basis, denies the allegations contained therein.

95. MidWestOne denies the allegations contained in paragraph 95.

96. MidWestOne denies the allegations contained in paragraph 96.

97. Paragraph 97 contains legal conclusions, and therefore no response is required.

**TRIAL BY JURY**

98. MidWestOne denies the allegations contained in paragraph 98.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT**
**AND REGULATION E**

99. MidWestOne denies the allegations contained in paragraph 99.

100. MidWestOne denies the allegations contained in paragraph 100.

101. MidWestOne denies the allegations contained in paragraph 101.

102. MidWestOne denies the allegations contained in paragraph 102.

103. MidWestOne denies the allegations contained in paragraph 103.

MidWestOne denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" clause of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Any failure or violation of the EFTA by MidWestOne was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. MidWestOne's acts and omissions, if any, were in good faith and in conformity with the rules, regulations, interpretations, and approvals by the individuals and entities identified in 15 U.S.C. § 1693m(d)(1).

4. Plaintiff's damages are barred by her own failure to mitigate.

5. Plaintiff's claims are barred by the doctrines of unclean hands and/or fraud.

6. Plaintiff's claims are barred, in whole or in part, by her own assumption of risk and/or negligence.

7. Plaintiff is estopped from asserting that the transfers alleged in the Amended and Supplemental Complaint were unauthorized.

WHEREFORE, having fully responded to the Complaint, MidWestOne requests that the Complaint be dismissed, with prejudice, with all costs and attorneys' fees awarded

to MidWestOne and assessed against Plaintiff and such other relief as the Court deems just and proper.

Dated: November 26, 2024

Respectfully submitted,

**BALLARD SPAHR LLP**

/s/ *Kristen E. Larson*
Kristen E. Larson (MN #0321436)
nelsonc@ballardspahr.com
Conor H.M. Smith (MN #0401445)
smithchm@ballardspahr.com
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 (fax)

*Attorneys for Defendant MidWestOne Bank*